UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NOGALES,<br><br>                          Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>                         Respondent. | Case No. 3:20-cv-01110-WQH-NLS<br><br>**ORDER:**<br><br>**1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**2) DENYING CERTIFICATE OF APPEALABILITY** |

**I. INTRODUCTION**

      Petitioner Jose Nogales ("Nogales" or "Petitioner") is a state prisoner, currently in custody at Centinela State Prison. He is proceeding pro se with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). (*See* Pet., ECF No. 4.) The Court has read and considered the Amended Petition, [ECF No. 4], the Answer and Memorandum of Points and Authorities in Support of the Answer [ECF Nos. 13, 13-1], the Traverse [ECF No. 18], the lodgments and other documents filed in this case, and the legal arguments presented by both parties. For the reasons discussed below, the Court **DENIES** the Petition and **DENIES** a Certificate of Appealability.

/ / /

/ / /

## II. FACTUAL BACKGROUND

In 2008, Nogales was accused of driving to a rival gang's territory and killing two people by shooting at them from a car while they stood in the front yard of their house. (Lodgment No. 1, ECF No. 14-1 at 4-5.) He was convicted by jury trial of two counts of second degree murder, a violation of California Penal Code § 187(a), and one count of shooting into an inhabited dwelling, a violation of California Penal Code § 246. (*Id.* at 7-8.) The jury also found true several gang and gun enhancements as charged. (*Id.* at 8.) Following a bench trial, Nogales was also convicted of unlawful possession of a firearm, a violation of California Penal Code § 12021(e) and associated gang allegations. (*Id.*) He was sentenced to eight years plus 80 years-to-life in state prison. (Lodgment No. 1, ECF No. 14-1 at 8.) Nogales was 14 years old at the time he committed the crimes and was prosecuted as an adult. (Lodgment No. 9, ECF No. 14-9 at 1.)[1]

In 2012, the United States Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a mandatory sentence of life without parole for a juvenile violated the Eighth Amendment. *Miller*, 567 U.S. at 465. In response, California passed California Penal Code § 3051 which provides for a parole hearing for certain youth offenders during the 15th, 20th or 25th year of imprisonment. Cal. Penal Code § 3051 (West 2020).

## III. PROCEDURAL BACKGROUND

Following his jury trial, Nogales appealed his conviction to the California Court of Appeal. (Lodgment No. 1, ECF No. 14-1.) The state appellate court upheld his conviction and modified his sentence with regard to the court fees assessed. (*Id.* at 48-49.) Nogales filed a petition for review in the California Supreme Court, which summarily denied the petition. (Lodgment No. 2, ECF No. 14-2.)

Nogales then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which was given case no. 3:11-cv-02146-IEG-BLM. (*See Nogales v. Mc*

---

[1] In 2019, California passed Senate Bill 1391 which eliminated prosecutors' ability to file criminal charges in adult courts against juveniles who were 14 or 15 years old at the time of the crimes. Cal. Welfare & Institutions Code § 707 (West 2020).

*Donald*, So. Dist. Cal. case no. 3:11-cv-02146-IEG-BLM.)  On May 10, 2012 the Court denied the petition, (*Id.* at ECF No. 18), and on December 16, 2015, the Ninth Circuit Court of Appeals affirmed this Court's denial.  (*Nogales v. McDonald*, 624 Fed. App'x 608 (9th Cir. 2015).

On January 18, 2014, Nogales filed a habeas corpus petition San Diego Superior Court.  (Lodgment No. 3, ECF No. 14-3.)  The superior court denied the petition on the merits.  (Lodgment No. 4, ECF No. 14-4.)  Five years later, on February 27, 2019, Nogales filed another habeas corpus petition in San Diego Superior Court in which he raised the Eighth Amendment claim he raises in the current petition and other claims.  (Lodgment Nos. 5–6, ECF Nos. 14-5–14-6.)  The superior court denied the petition and told Nogales to file a motion for hearing pursuant to *People v. Franklin*, 63 Cal. 4th 261 (2016) in order to make a record for any future youth offender hearing.  (Lodgment No. 7, ECF No. 14-7.)

Nogales next filed a habeas corpus petition in the California Court of Appeal on August 23, 2019 in which he again raised his Eighth Amendment claim.  (Lodgment No. 8, ECF No. 14-8.)  The state appellate court denied the petition on the merits.  (Lodgment No. 9, ECF No. 14-9.)  Nogales then filed a petition for review in the California Supreme Court on September 30, 2019, seeking review of the court of appeal's denial asserting his Eighth Amendment claim.  (Lodgment No. 10, ECF No. 14-10.)  The California Supreme Court denied the petition, stating "The petition for review is denied.  Petitioner's claim under *Miller v. Alabama* (2012) 567 U.S. 460 is denied as moot under *People v. Franklin* (2016) 63 Cal.4th 261.  (See *Harrington v. Richter* (2011) 562 U.S. 86, citing *Ylst v. Nunnemaker* (1991) 501 U.S. 797, 803.)"  (Pet., ECF No. 4 at 41.)

On October 21, 2019, he filed another state habeas corpus petition in the California Court of Appeal asserting the claims he raises in his current federal Petition.  (Lodgment No. 11, ECF No. 14-11.)  The state appellate court denied the petition on procedural grounds and on the merits.  He filed his final state petition for writ of habeas in the California Supreme Court on March 11, 2020, in which he raised the equal protection claim he raises in his current federal petition.  (Lodgment No. 12, ECF No. 14-12.)  The

California Supreme Court denied the petition as untimely, successive and repetitive, citing *In re Robbins* (1998) 18 Cal.4th 770, 780, *In re Clark* (1993) 5 Cal.4th 750, 767–769, and *In re Miller* (1941) 147 Cal.2d 734, 735.  (Pet., ECF No. 4 at 46.)

## IV.  ANALYSIS

### A.  Standard of Review

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Bell v. Cone*, 535 U.S. 685, 694 (2002).  The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case.  *Id.*  Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable."  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The Court / / /

may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst*, 501 U.S. at 805-06. If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); accord *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

B. Discussion

Nogales raises two grounds in his Petition. First, he contends that the state courts' refusal to resentence him pursuant to *Miller* violates his right to equal protection under the Fourteenth Amendment and his federal due process rights. (Pet., ECF No. 4 at 13.) Second, he claims that his sentence violates the Eighth Amendment. (*Id.*) Respondent argues the Petition is successive and untimely. (Answer, ECF No. 13-1 at 11-15.) In the alternative, Respondent argues Nogales's first ground for relief does not state a cognizable federal claim and that, even if it did, the state court's resolution of the claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (*Id.* at 15-16.) As to Nogales's second claim, Respondent contends the state court's resolution of the claim was also neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (*Id.* at 16-19.)

1. Whether the Petition is Successive

Respondent contends Nogales's Petition is successive because he challenged the same conviction in San Diego Superior Court case no. SCD208418 in *Nogales v.*

*McDonald*, So. Dist. Cal. case no. 3:11-cv-02147-BTM-BLM.  In that case, the Court denied Nogales's petition on the merits and the Ninth Circuit affirmed the Court's denial. (Answer, ECF No. 13-1 at 11-12.)  Nogales contends the Petition in this case is not successive because his sentence has been modified and because the California decision upon which his equal protection claim in ground one is based was not rendered until September 30, 2019.  (Pet., ECF No. 4 at 17-20.)

A petition is successive if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also* 28 U.S.C. § 2244(b)(3)(A).  A successive petition is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2).  "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

In his Amended Petition, Nogales claims that "California legislation has amended my sentence such that is constitutes a new judgment that may be attacked in this Court without authorization." (Pet., ECF No. 4 at 19.)  He alleges that "Proposition 57, which was enacted in 2016, amended my sentence from 80 years to life to I believe 69 years to life," and that "Centinela State Prison officials recently, and without explanation, informed me of such." (*Id.* at 19-20.)  Nogales has provided a "Classification Committee Chrono" from the California Department of Corrections and Rehabilitation which lists his "control date" as 2075.  (Traverse, ECF No. 18 at 16.)  Nogales claims this is evidence that a new judgment was rendered in his case, but he concedes that his Eighth Amendment claim is successive because he is "unable to obtain the necessary documentation to establish a new judgment was imposed." (Traverse, ECF No. 18 at 5.)  He continues to assert, however, that the equal protection portion ground one is not successive because that ground ripened when the California Court of Appeal decided *In re Bolton*, 40 Cal. App. 5th 611 (2019). (Pet., ECF No. 4 at 17-20.)

As Respondent notes, and Nogales concedes, there is no evidence a new judgment has been issued in Nogales's case since 2011 when he challenged his convictions in San Diego Superior Court case no. SCD208418 in this Court in *Nogales v. McDonald*, So. Dist. Cal. case no. 3:11-cv-02147-BTM-BLM. Therefore, his Eighth Amendment challenge to his sentence is successive.

Nogales's equal protection claim is also successive. Nogales contends the factual predicate for this claim was the California Court of Appeal's 2019 decision in *Bolton*. The petitioner in *Bolton* was serving a sentence of 91 years in prison for a crime he committed as a juvenile. *Bolton*, 40 Cal. App. 5th at 614–15. While in prison, Bolton committed another crime for which he was sentenced to twenty-five years-to-life in prison. *Id.* at 615. Bolton's prison crime rendered him ineligible for a youth offender parole hearing under California Penal Code § 3051. *Id.* He argued that because he was ineligible for relief under § 3051, his juvenile sentence violated *Miller* and that both his juvenile sentence and his adult sentence should be vacated so he could be resentenced to a term which would not exceed his natural lifespan. *Id.* at 620–21. The state appellate court agreed that Bolton was entitled to be resentenced on his juvenile offense because it violated *Miller*, and, because he was not eligible for a youth offender hearing, his *Miller* claim was not moot. *Id.* at 621. As to Bolton's adult offense, however, the court found it did not violate the Eighth Amendment's prohibition on cruel and unusual punishments. *Id.* at 621–22. The appellate court directed the sentencing court to take Bolton's adult sentence into consideration when resentencing him on his juvenile offense, but did not decide whether the total term imposed would have to provide Bolton with a "meaningful opportunity for parole" as defined by *Miller*. *Id.* at 624–25.

*Bolton* did not, and could not, announce a new rule of constitutional law. 28 U.S.C. § 2244(b)(2). The court's decision in *Bolton* also is not a "fact that was previously unavailable" nor did it establish "facts that would be sufficient to show constitutional error in the petitioner's conviction." *Id.* The case did not find an equal protection violation in the application of *Miller* or California Penal Code § 3051. Rather, it analyzed how to apply

California law to a specific factual situation, which is dissimilar to Nogales's case, in order to comply with *Miller*. Further, the petitioner in *Bolton* and Nogales are not similarly situated for equal protection purposes, as discussed below in section IV(B)(3).

Neither Nogales's Eighth Amendment or his equal protection claim fall under any of the exceptions listed in 28 U.S.C. § 2244(b)(2). Accordingly, the Court rejects Petitioner's contention that his Petition is not successive to *Nogales v. McDonald*, So. Dist. Cal. case no. 3:11-cv-02147-BTM-BLM. However, even assuming it is not successive, habeas relief is unavailable for the reasons set forth below in Section IV(B)(3) and (4).

### 2. Whether the Petition is Untimely

Respondent also argues the Petition is untimely. (Answer, ECF No. 13-1 at 12-15.) Under 28 U.S.C. § 2244(d), a petitioner normally has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute contains other triggering dates, however. Nogales contends the statute of limitations began running when he discovered the factual predicate for his claims. *See* 28 U.S.C. § 2244(d)(1)(D). As to his equal protection claim, he contends this date is the date the California appellate court decided *Bolton*. As to his Eighth Amendment claim, he contends this date is the date his sentenced was modified by statute. (Pet., ECF No. 4 at 20-24.)

As discussed above in Section IV(B)(1), *Bolton* does not involve an equal protection challenge and, in any event as discussed below in Section IV(B)(3), it is inapplicable to Nogales's case because he is not similarly situated to the petitioner in that case. As Respondent notes, "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim" for purposes of 28 U.S.C. § 2244(d)(1)(D). *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005). Thus, in order to be timely, Nogales's equal protection claim would have to have been filed within one year of his conviction being final. Nogales's conviction was final on February 8, 2011, ninety days after the California Supreme Court denied his petition for review. *Bowen v. Roe*, 188 Fa.3d 1157, 1159 (9th Cir. 1999). The statute of

limitations began running the next day and expired on February 9, 2012. Nogales's petition in this case was filed on June 17, 2020, and his equal protection claim is untimely unless he is entitled to sufficient statutory or equitable tolling to render it timely.

As to Nogales's Eighth Amendment claim, there is no evidence his sentence has been modified, either by a court or by a statute. Thus, the latest date Nogales can claim as a triggering date under 2244(d)(1)(C) is the United States Supreme Court's decision in *Miller*, which was decided on June 25, 2012. *See Miller*, 567 U.S. 460. In order to be timely, Nogales would have to have filed his Eighth Amendment claim by June 25, 2013. Nogales's petition in this case was filed on June 17, 2020, and his Eighth Amendment claim is also untimely unless he is entitled to sufficient statutory or equitable tolling.

28 U.SC. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Nogales filed his first state habeas corpus petition on January 18, 2014, which is after the one year statute of limitations expired for both of his claims. Nogales is not entitled to any statutory tolling. *Davis v. Johnson*, 359 F. Supp. 3d 831, 862 (N.D. Cal. 2019) (stating that "once the federal statute of limitations has run, a newly filed state petition does not reset the clock"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Nogales contends he is entitled to equitable tolling because "prior to [the appellate court's ruling in *Bolton*] this Court would have viewed this claim as moot pursuant to *People v. Franklin* (2016) 23 Cal.4th 261 and would have dismissed it for lack of judicial controversy." (Pet., ECF No. 4 at 22-23.) The statute of limitations under AEDPA "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the

exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The California appellate court's decision in *Bolton* is not an "extraordinary circumstance." *Lawrence*, 549 U.S. at 336-37. It is simply a state court's application of its own laws to a particular set of facts which are dissimilar to Nogales's case. Accordingly, he is not entitled to any equitable tolling.

For the foregoing reasons, the Court concludes the petition is untimely. It is also meritless, as discussed below.

### 3. Eighth Amendment

Nogales argues his sentence of 80 years-to-life constitutes cruel and unusual punishment and is in violation of the United States Supreme Court's decision in *Miller*. (Pet., ECF No. 4 at 13, 37–38.) Nogales raised his Eighth Amendment claim in a habeas corpus petition he filed in the California Supreme Court. (Lodgment No. 10, ECF No. 14-10.) The California Supreme Court denied the petition, stating: "The petition for review is denied. Petitioner's claim under *Miller v. Alabama* (2012) 567 U.S. 460 is denied as moot under *People v. Franklin* (2016) 63 Cal.4th 261. (See *Harrington v. Richter* (2011) 562 U.S. 86, citing *Ylst v. Nunnemaker* (1991) 501 U.S. 797, 803.)" (Pet., ECF No. 4 at 41.) Thus, this Court must "look through" to the last reasoned state court decision addressing this claim, which is the California appellate court's decision denying Nogales's August 23, 2019 habeas corpus petition in case no. D076370. (Lodgment No. 9, ECF No. 14-9.) That court wrote:

> Nogales' challenge to his prison sentence as cruel and/or unusual punishment is procedurally barred. Asserted more than a decade after Nogales was sentenced with no explanation for the delay, the challenge is barred as untimely. (*In re Reno* (2012) 55 Cal.4th 428, 459–460; *In re Swain* (1949) 34 Cal.2d 300, 302.) The challenge is further barred because it could have been, but was not, asserted on appeal. (*In re Reno*, *supra*, at p. 490; *In re Dixon* (1953) 41 Cal.2d 756, 759.) In any event, the enactment of the youth offender parole hearing statute provides Nogales with the possibility of release from prison after 25 years of incarceration and renders moot his constitutional

///

>challenge to the length of his prison sentence. (*In re Franklin* (2016) 63 Cal.4th 261, 268.)

(Lodgment No. 9, ECF No. 14-9 at 2.)

The United States Constitution prohibits the imposition of cruel and unusual punishments. U.S. Const., amend. VIII. As previously noted, the United States Supreme Court held in *Miller* that a mandatory sentence of life without parole for a juvenile defendant violates the Eighth Amendment. *Miller*, 567 U.S at 470. The California legislature enacted Penal Code §§ 3051 and 4801(c) in 2013 to comply with *Miller*. See Cal. Penal Code §§ 3051, 4801(c) (West 2020). Penal Code § 3051 applies to "any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of his or her controlling offense." Cal. Penal Code § 3051(a). The law provides for a "youth offender parole hearing" at which the Board of Parole Hearings is to "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." Cal. Penal Code § 4801(c).

Federal habeas corpus relief is only available if the state court decision was contrary to, or an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The clearly established Supreme Court law here is that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." *Miller*, 567 U.S. at 470. There is no clearly established Supreme Court law which holds that a lengthy term-of-years sentence for a juvenile who commits homicide violates the Eighth Amendment. *See Demirdjian v. Gipson*, 832 F.3d 1060, 1076–77 (9th Cir. 2016) (rejecting petitioner's claim that two consecutive sentences of twenty-five years-to-life violated the Eighth Amendment because it was the functional equivalent of a life term); *Bunn v. Lopez*, 740 Fed.Appx. 145, 147 (Mem.) (9th Cir. 2018) (noting with approval that "[t]he California Supreme Court has recognized that § 3051(b)(4) effectively moots a *Miller* claim by converting a juvenile's

LWOP sentence into one for life with the possibility of parole after 25 years," citing *People v. Franklin*, 63 Cal.4th 261, 202 (2016)); *GREGORY C. COATES, Petitioner, v. RON BLOOMFIELD, Acting Warden, Respondent.*, No. 5:20-cv-02507-DSF (AFM), 2021 WL 1214521, at *4 (C.D. Cal. Mar. 4, 2021) (stating that "[t]he Supreme Court has never held that a juvenile may not be sentenced to life with the possibility of parole"). Nogales did not receive a mandatory sentence of life without parole and he is eligible for a youth offender hearing pursuant to California Penal Code § 3051. The Supreme Court has stated that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016). The California Court of Appeal's determination that Nogales's eligibility for a youth offender parole hearing after he has served twenty-five years of his sentence is not an unreasonable application of *Miller* and *Montgomery*. *Yarborough*, 540 U.S. at 4. Nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2244(d). Nogales is not entitled to relief as to this claim.

### 4. Equal Protection

Nogales contends he is similarly situated to the petitioner in *Bolton* and therefore refusal of California to resentence him pursuant to *Miller* violates his right to equal protection of the law. (Pet., ECF No.4 at 25-36.) Respondent argues Nogales does not present a cognizable federal claim and that, in the alternative, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (Answer, ECF No. 13-1 at 15-16.)

Nogales raised this claim in the habeas corpus petition he filed in the California Supreme Court in case no. S259682. (*See* Lodgment No. 12, ECF No. 14-12.) The California Supreme Court denied the petition as untimely, successive and repetitive, citing *In re Robbins*, 18 Cal.4th 770, 780 (1998), *In re Clark*, 5 Cal.4th 750, 767–69, and *In re Miller*, 17 Cal.2d 734, 735 (1941). Respondent does not contend Nogales's claim is procedurally defaulted, and thus this Court will look through the state supreme court's denial to the last reasoned state court decision, the California appellate court's denial of the

claim. *Ylst*, 501 U.S. at 805-06; *see also Lambrix v. Singletary*, 520 U.S. 518, 522-25 (1997) (holding that a federal court need not invariably resolve a state procedural bar issue where the other issues are easily resolvable against the petitioner); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) (finding that it is proper to proceed to merits where procedural bar issue more complicated and result is the same). That court wrote:

> Nogales is not similarly situated to the petitioner in *Bolton*, however, because he is eligible for a youth offender parole hearing after 25 years of incarceration. Under the equal protection clause, "[p]ersons who are similarly situated must be treated alike. [Citation.] There is, however, no requirement that persons in different circumstances must be treated as if their situations were similar." (*People v. McCain* (1995) 36 Cal.App.4th 817, 819.) *Bolton* is inapplicable to Nogales's situation and does not justify reconsideration of his previously rejected Eighth Amendment challenge to his prison sentence.

(Pet., ECF No. 4 at 44.)

To the extent Nogales claims the state court misapplied *Bolton* to his case, he is not entitled to relief. Federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). His equal protection claim fairs no better. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799 (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940)); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To establish an equal protection violation, a petitioner must demonstrate "that the [challenged] statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the two groups is justified." *Id*. (citation and quotations omitted). Unless a legislative classification warrants some form of heightened review because it targets a suspect class or burdens the exercise of a

1  ///

2  fundamental right, the Equal Protection Clause requires only that the classification be
3  rationally related to a legitimate state interest. *See Vacco*, 521 U.S. at 799.

4       As the Court has explained, *Bolton* involved a juvenile who had committed a non-
5  homicide offense and was sentenced to ninety-one years in prison. *Bolton*, 40 Cal. App.
6  5th at 614-15. He committed another crime while in prison for which he was sentenced to
7  twenty-five years-to-life, and the prison crime made him ineligible for a youth offender
8  parole hearing under California Penal Code § 3051. *Id*. at 615. The California appellate
9  court concluded that Bolton was entitled to be resentenced on his juvenile offense because
10 without access to a youth offender hearing his ninety-one-year sentence violated *Miller*.
11 *Id*. at 621. Nogales is not similarly situated to the petitioner in *Bolton* because he was
12 convicted of two homicide offenses and he is eligible for a youth offender hearing after
13 twenty-five years of incarceration. *See* Cal. Penal Code § 3051(b)(4); *Montgomery*, 577
14 U.S. at 212 (stating that "[a] State may remedy a *Miller* violation by permitting juvenile
15 homicide offenders to be considered for parole, rather than by resentencing them"). He
16 has not established there was any discriminatory intent involved in the denial of his request
17 to be resentenced or that his membership in a protected class was the basis for the denial.

18      The state court's denial of Nogales's equal protection claim was neither contrary to,
19 nor an unreasonable application of, clearly established Supreme Court law. Nor was it
20 based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Nogales is
21 not entitled to relief as to this claim.

22 **V.  CONCLUSION**

23      For the foregoing reasons, the Court **DENIES** the Petition. Rule 11 of the Rules
24 Following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of
25 appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll.
26 § 2254 (West 2019). A COA will issue when the petitioner makes a "substantial showing
27 of the denial of a constitutional right." 28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*,
28 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that

"'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes that reasonable jurists could not find the constitutional claims debatable, and therefore a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 3, 2021

Hon. William Q. Hayes
United States District Court